Louis Pechman (Bar No. 035931983)
Laura Rodriguez (Bar No. 150282015)
Catalina Cadavid (Bar No. 203388016)
Pechman Law Group PLLC
488 Madison Avenue – 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
rodriguez@pechmanlaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF NEW JERSEY**

---------------------------------------------------------------------X
SALVADOR DIAZ,

                Plaintiff,

    -against-

                **COMPLAINT**

WAYNE PIZZA CORP. d/b/a ANTHONY
FRANCO'S PIZZA, and BRIAN GAISER,

                Defendants.
---------------------------------------------------------------------X

Plaintiff Salvador Diaz ("Plaintiff" or "Diaz"), by his attorneys Pechman Law Group PLLC, complaining of Defendants Wayne Pizza Corp. d/b/a Anthony Franco's Pizza, and Brian Gaiser (collectively, "Defendants") alleges:

**NATURE OF THE ACTION**

1. Salvador Diaz was employed at Anthony Franco's Pizza for six years as a dishwasher and prep cook, typically working over 60 hours per week, but was not paid overtime pay as required by the Fair Labor Standards Act ("FLSA"), and the New Jersey Wage and Hour Law ("NJWHL").

2. Plaintiff brings this action pursuant to the FLSA and the NJWHL to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NJWHL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391, because the events set forth in this Complaint occurred in the District of New Jersey.

## THE PARTIES

**Plaintiff Salvador Diaz**

5. Diaz resides in Passaic County, New Jersey.

6. Defendants employed Diaz from in or about December 2013 through October 5, 2019.

**Defendant Wayne Pizza Corp. d//b/a Anthony Franco's Pizza**

7. Defendant Wayne Pizza Corp. is a New Jersey corporation that owns, operates, and does business as Anthony Franco's Pizza located at 1176 Hamburg Turnpike, Wayne, New Jersey 08820.

8. Anthony Franco's Pizza has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Anthony Franco's Pizza is an "enterprise engaged in commerce" within the meaning of the FLSA.

10. Within the three years prior to the filing of this Complaint, Anthony Franco's Pizza had an annual gross revenues in excess of $500,000.

**Defendant Brian Gaiser**

11. Defendant Brian Gaiser ("Gaiser") is an owner of Anthony Franco's Pizza.

12. Gaiser was regularly present at Anthony Franco's and ran the day-to-day operations of Anthony Franco's Pizza throughout Plaintiff's employment.

13. Gaiser directed the manner in which employees, including Plaintiff, performed their work duties and assignments.

14. Gaiser paid Plaintiff and other employees their weekly pay.

15. Gaiser hired Plaintiff in December 2013.

16. Gaiser fired Plaintiff on October 5, 2019.

17. Gaiser determined Plaintiff's rate of pay throughout his employment.

18. Gaiser exercised sufficient control over the operations of Anthony Franco's Pizza to be considered Plaintiff's employer under the FLSA and NJWHL.

## FACTUAL ALLEGATIONS

19. Throughout his employment, Diaz worked in the kitchen of Anthony Franco's Pizza and his duties regularly and primarily included making sauce, preparing seafood and vegetables, and cleaning the kitchen area.

20. From approximately December 2013 through October 5, 2019, Diaz regularly worked five days per week at Anthony Franco's Pizza.

21. Throughout his employment, Diaz typically worked an approximate total of sixty-eight (68) hours per workweek.

22. Diaz regularly worked Sunday, Monday, Wednesday, and Thursday from approximately 10:00 a.m. to 10:00 p.m. and Friday and Saturday from approximately 10:00 a.m. to 11:00 p.m., with a one-hour break each workday.

23. Diaz was not required to clock-in or clock-out of a time-keeping system or record his hours worked each day.

24. From December 2013 until December 2015, Defendants paid Diaz a fixed weekly salary of $550.00.

25. From approximately January 2016 until March 2018, Defendants paid Diaz a fixed weekly salary of $650.00.

26. From approximately April 2018 through the end of his employment, Defendants paid Diaz a fixed weekly salary of $700.00.

27. Defendants paid Diaz his wages in cash each week in an envelope bearing only his name.

## FIRST CLAIM
### Fair Labor Standards Act – Unpaid Overtime

28. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

29. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff.

30. Defendants were required to pay Plaintiff one and one-half (1½) times his regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et. seq.*

31. Defendants failed to pay Plaintiff the overtime wages to which he is entitled to under the FLSA.

32. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

33. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to Plaintiff's compensation.

34. Defendants' violations of the FLSA described above have been willful and, therefore, a three-year statute of limitations applies to the matter, pursuant to the FLSA, 29 U.S.C. § 255(a).

35. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## SECOND CLAIM
### New Jersey Wage and Hour Law – Unpaid Overtime

36. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

37. Defendants are employers within the meaning of the NJWHL and supporting New Jersey State Department of Labor Regulations, and employed Plaintiff.

38. Under the NJWHL and supporting New Jersey Department of Labor Regulations, Defendants were required to pay Plaintiff one and one half (1½) times his regular rate of pay for all hours worked in excess of forty in a workweek.

39. Defendants have failed to pay Plaintiff the overtime wages to which he is entitled to under the NJWHL.

40. Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiff overtime wages.

41. Due to Defendants' willful violations of the NJWHL, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that Defendants violated the overtime wage provisions of the FLSA and the NJWHL;

b. declaring that Defendants' violations of the FLSA and NJWHL were willful;

c. awarding Plaintiff damages for unpaid overtime wages;

      d.      awarding Plaintiff liquidated damages pursuant to the FLSA and NJWHL;

      e.      awarding Plaintiff pre- and post-judgment interest under the NJWHL;

      f.      awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and NJWHL; and

      g.      awarding such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        April 20, 2020

                                    By:      *s/ Louis Pechman*
                                                Louis Pechman
                                                Laura Rodriguez
                                                Catalina Cadavid
                                                Pechman Law Group PLLC
                                                488 Madison Avenue - 17th Floor
                                                New York, New York 10022
                                                Tel.: (212) 583-9500
                                                pechman@pechmanlaw.com
                                                rodriguez@pechmanlaw.com
                                                cadavid@pechmanlaw.com
                                                *Attorneys for Plaintiff*